## UNITED STATES PROBATION OFFICE

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

### PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Chris Jones                    **Docket Number:** 2:17CR00022-001

**Name of Sentencing Judicial Officer:** The Honorable J. Ronnie Greer
United States District Judge

**Name of Presiding Judicial officer:** The Honorable Clifton L. Corker
United States District Judge

**Date of Original Sentence:** August 27, 2018

**Original Offense:** Count 1: Conspiracy to Commit Bank Robbery
Count 2: Bank Robbery
Count 3: Felon in Possession of a Firearm

**Class:** Count 1: Class D Felony               **Criminal History Category:** VI
Count 2: Class C Felony
Count 3: Class C Felony

**Original Sentence:** 98 months imprisonment and 36 months supervised release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** September 12, 2025

**Date Supervision Expires:** September 11, 2028

**Assistant U.S. Attorney:** Donald W. Taylor

**Defense Attorney:** Unassigned

**Revocation Guideline Range:** 21 to 27 months              **Statutory Maximum:** 24 months

*********************************************

### PETITIONING THE COURT

The probation officer believes that the offender has violated the following conditions of supervision:

PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION     Page 2
Chris Jones     2:17CR00022-001

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Mandatory Condition:** You must not commit another federal, state, or local crime. |
| 2 | **Mandatory Condition:** You must not unlawfully possess a controlled substance. |
| 3 | **Mandatory Condition:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| 4 | **Standard Condition #3:** You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer. |
| 5 | **Standard Condition #5:** You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |
| 6 | **Standard Condition #6:** You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view. |
| 7 | **Standard Condition #8:** You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer. |
| 8 | **Standard Condition #9:** If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours. |

Upon beginning his term of supervised release in the Western District of Virginia on September 12, 2025, Mr. Jones was residing with his mother and stepfather. Mr. Jones tested presumptively positive for methamphetamine and admitted to recent use. He reported being given the methamphetamine by a friend of his brother. Mr. Jones was instructed to follow up with his stated intentions of beginning substance abuse treatment and later reported scheduling an initial appointment.

*United States v. Hancox,* 49 F.3d 223 (6th Cir. 1995) states "use" of a controlled substance constitutes "possession" of the substance for purposes of 18 U.S.C. § 3583(g). In *United States v. Crace,* 207 F.3d 833 (6th Cir. 2000), the United States Court of Appeals, Sixth Circuit, held that the defendant's conduct related to the

PROB12C(REVOKE) – 12/2006

PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION  Page 3
Chris Jones  2:17CR00022-001

> positive drug test constituted a felony under federal law citing Title 21 U.S.C. § 844. Mr. Jones committed the offense of simple possession by possessing the substances for which he tested positive on September 16, 2025. Additionally, pursuant to 21 U.S.C. § 844, if an offender commits simple possession after a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any state, they shall be sentenced to a term of imprisonment for not less than 15 days but not more than two years. Mr. Jones was previously convicted of Simple Possession of a Schedule VI in Washington County, Tennessee General Sessions Court on August 13, 2012.
>
> On September 27, 2025, Mr. Jones's mother was alleged to have committed a Domestic Assault. United States Probation Officer (USPO), Nathan Sigmon, learned about the assault on October 1, 2025, when he was contacted by the Carroll County, Virginia Sheriff's Department. USPO Sigmon was advised that when deputies went back to the residence to serve a warrant on Mrs. Robbins on October 28, 2025, they were told by Mr. Robbins, that neither Mr. Jones nor Mrs. Robbins were living at the residence any longer.
>
> On October 2, 2025, USPO Sigmon was contacted by the Johnson City, Tennessee Police Department and told that Mr. Jones and his mother had been located at the I-26 Inn. Mrs. Robbins was taken into custody. Mr. Jones failed to contact Officer Sigmon to report law enforcement contact, failed to obtain permission to leave the Western District of Virginia, and failed to report his change in residence. As of the filing of this petition, his whereabouts are unknown.

**Assessment of Flight/Danger and Bond Recommendation:** Mr. Jones absconding from this term of supervision, as well as a term of supervised release on his previous federal conviction would appear to suggest that he poses a risk of flight or nonappearance. Mr. Jones committed his instant offense bank robbery while on a different term of supervised release. His history of engaging in violent behavior, as well as his current methamphetamine use indicate that he poses a risk of danger to the community. For the above-stated reasons, this officer recommends Mr. Jones be detained pending his revocation hearing.

**Petitioning the Court to order:**

That a Warrant be issued and the defendant be ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 24, 2025

PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION                    Page 4
Chris Jones                                                             2:17CR00022-001

Respectfully submitted,

_____
Heath E. Eanes
United States Probation Officer
Greeneville Division

APPROVED:

_____
Rodney A. McLain
Supervising United States Probation Officer

HEE:lel

## ORDER OF COURT:

A Warrant is to be issued, and the defendant is ordered to appear in Court for a hearing to determine whether the term of supervision should be revoked. This petition is to be placed under seal until the defendant is arrested or appears in Court.

So Ordered.

**ENTER.**

_____
The Honorable Clifton L. Corker
United States District Judge